IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS MCQUARLEY, #198 468, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-907-WHA |
| | )             [WO] |
| GARY HETZEL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, brings this 42 U.S.C. § 1983 action against Warden Gary Hetzel and Warden Derrick Carter.[1] He alleges that despite informing correctional officials he suffers from a mental illness ("psychopath mental stress disorderly illness"), he was housed in lock up at the Easterling Correctional Facility rather than being transferred to a mental health correctional facility where he could receive treatment for his mental illness. Plaintiff seeks declaratory and injunctive relief and damages.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. *Doc. Nos. 26, 27*. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. *Doc. No. 29.* Plaintiff took advantage of the opportunity granted to file a response to the special report filed by Defendants. *Doc. No. 30.* This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials

---

[1] Plaintiff filed this action on October 16, 2012, while housed at the Easterling Correctional Facility in Clio, Alabama. During the pendency of this action Plaintiff was transferred to the Bullock Correctional Facility.

filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof.  *Id*. at 322-324.

Defendants have met their evidentiary burden. The burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary

judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-594 (11th Cir. 1995) (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.  Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff must produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-

3

250 (internal citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the *prima facie* case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law

applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citations omitted). Where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. Here, Plaintiff has failed to demonstrate a requisite genuine dispute of material fact against Defendants to preclude summary judgment. *Matsushita*, *supra*.

## II.  DISCUSSION

*A. Declaratory and Injunctive Relief*

Plaintiff's request for declaratory and injunctive relief against Defendants (placement in a one-man cell, a transfer to the Bullock Correctional Facility, and Defendants' compliance with their own "rules," *i.e.*, ceasing to put other inmates in a cell with him) is due to be dismissed as moot. Plaintiff is no longer incarcerated at the Easterling Correctional Facility. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at the Easterling Correctional Facility, his request for equitable relief has been rendered moot.

*B. The Mental Health Claim*

Plaintiff states he suffers from a mental illness for which he is prescribed Trazadone. While Plaintiff received no evaluation to "see was this [mental] illness really taking place [because] they evaluate you at Bullock," he states his mental illness causes him to sleep walk. When Plaintiff sleep walks he urinates on the floor of his cell and spits in the air. Because he is housed with another inmate, this behavior confuses his cellmate and "may/…will start a fight." Although he has informed correctional officers of all ranks about his mental health issue,

Plaintiff claims that Defendants violated his constitutional rights by overlooking his mental illness which compromised his safety because he was not placed in a single cell and was kept at a facility which could not properly evaluate and/or treat his mental condition. Plaintiff contends that Defendants' failure to adequately address his mental condition reflects "'evil intent.'" *Doc. Nos. 1, 13*.

Defendants' evidence reflects that Plaintiff is serving a twenty-five year sentence for robbery in the first degree. Since his admission to prison in April of 1998 Plaintiff has been assigned to numerous institutions within the ADOC (Alabama Department of Corrections) and has incurred fifty-eight (58) disciplinaries. Defendant Hetzel states that Plaintiff's mental health records show he is diagnosed as a MH-2 mental health inmate. Inmates coded as MH-2 may be assigned to Easterling. Institutional assignments of mental health inmates within the ADOC and their housing assignments within the correctional facilities is recommended by mental health professionals. Defendants' evidence reflects that Plaintiff has been placed in a single cell several times because of his mental health issues. Regarding Plaintiff's claim that his mental health issues make him a danger to himself and other inmates, Defendant Hetzel states this assertion cannot be validated. Plaintiff may, however, report any problems to correctional staff and mental health professionals so his concerns and/or issues may be resolved.[2] *Doc. No. 27, Exhs. A(1-4), B, C*.

"The Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs." *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir.1999) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "It is only such indifference that can offend 'evolving standards of decency' in

---

[2] Plaintiff's medical records reflect that he sent letters to medical/mental health staff about various concerns including his desire to have his medication increased and matters associated with his sleep walking. Medical/mental health personnel responded to these concerns. *Doc. No. 27, Exh. A(1)*.

7

violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106.  Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical, dental, or mental health need and failed to take steps to abate that risk*.  See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"[D]eliberate indifference l[ies] somewhere between the poles of negligence at one end and purpose or knowledge at the other . . ." *Farmer*, 511 U.S. at 836.  A claim for inadequate health care under the Eighth Amendment will fail unless the treatment rendered was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Deliberate indifference may be demonstrated by either actual intent or reckless disregard.  *Id*.  Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at  837.  Under this standard, a correctional or prison medical official does not act with indifference by providing health care different from that which a prison inmate desires.  *See Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985).  Further, a showing of negligence, neglect, or medical malpractice cannot establish a constitutional violation.  *Rogers*, 792 F.2d at 1058; *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff fails to show that either Defendant Hetzel or Defendant Carter were personally involved in his mental health treatment or that any actions taken by prison contract mental health personnel were a consequence of any policy or custom established by them.  Supervisory personnel cannot be liable under 42 U.S.C. § 1983 for the action of their subordinates under a theory of *respondeat superior*.  *Monell v. Dept. of Soc. Svces*., 436 U.S. 658, 691 (1978);

*Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). "[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' " *Id*. (citations omitted). "Alternatively, the causal connection may be established when a supervisor's 'custom or policy . . . result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.' " *Id*. (internal quotation marks and citations omitted). In such instances, Plaintiff must show that the policy or custom was "the 'moving force [behind] the constitutional violation.' " *Pinkney v. Davis*, 952 F. Supp. 1561, 1569 (M.D.Ala.1997) (citations omitted). "[I]t is clear that not only must there be some degree of 'fault' on the part of [defendant] in establishing the policy or tolerating the custom, but there must be a causal link between the custom or policy and the constitutional deprivation." *Id*. (citation omitted).

Defendant Carter denies any knowledge of Plaintiff's allegations and asserts that Plaintiff never reported to him any concerns about his mental health status. Defendant Hetzel, as explained, states that mental health professionals have responsibility for recommending institutional and housing assignments of inmates on the mental health caseload. Plaintiff fails to refute Defendants' evidence that Easterling was an appropriate institution for him based on his mental health classification and that his mental health counselors made determinations regarding his housing assignments. *Doc. No. 27, Exh. A(1-4), Exh. B, Exh. C*.

Plaintiff has come forward with no evidence sufficient to create a genuine dispute of material fact whether Defendants Hetzel and Carter violated his constitutional rights. He has not demonstrated that Defendants Hetzel and Carter were personally responsible for or involved in his mental health treatment or that any actions taken by mental health personnel were a consequence of any policy established by them, that Defendants personally participated in the provision of Plaintiff's mental health care, or that evidence of widespread and obvious denial of mental health care to inmates existed. *Cottone*, 326 F.3d at 1360; *see generally Farmer*, 511 U.S. at 837 (liability will be found only if an officer "knows of and disregards an excessive risk to the inmate's health or safety."). Rather, the record reflects that Plaintiff received regular mental health treatment, including medication, for his mental condition. *Id. Exh. A(1-4)*. Even though the treatment may not have been what he desired or at the facility where he wished to receive treatment, his difference of opinion with medical treatment does not establish deliberate indifference. *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985). Plaintiff has pointed to no case which establishes that prison officials have a duty to directly supervise prison mental health staff, to set policy for the prison mental health staff, or to intervene in treatment decisions where they are not informed by prison mental health personnel that intervention is necessary to prevent a constitutional wrong. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against the managing officers of a prison absent allegations they were personally connected with the denial of treatment). For these reasons, Defendants' motion for summary judgment is due to granted on this claim.

C. *Failure to Protect Claim*

Plaintiff complains that Defendants Hetzel and Carter violated his constitutional rights by housing him in an unsafe environment because they failed to place him in a single cell despite

being aware that he engaged in sleep walking which caused problems if he was housed with another inmate. As noted, Plaintiff's claim that his sleep walking made him a danger to, or in danger from, other inmates could not be verified. *Doc. No. 27, Exh. B; see also Exh A(1-4).*

A prison official is deliberately indifferent when he possesses actual, subjective knowledge of an excessive risk of harm to the prisoner's safety and disregards it. *Farmer*, 511 U.S. at 837-39. Here, Plaintiff alleges Defendants should have housed him in a single cell because his mental condition - sleep walking - had potential to cause physical altercations if he was housed with another inmate. While the evidence reflects that Plaintiff's sleep walking behavior may have resulted in the occasional argument between him and a cellmate, there is no evidence his sleep walking posed a specific risk to his safety of which Defendants or any other correctional or mental health officials were aware. *Doc. No. 27, Exh. A(1-4)*. Further, mental health professionals had the responsibility for regularly monitoring, evaluating, and treating Plaintiff for his mental health issues, including concerns stemming from his sleep walking, and for implementing treatment plans and making housing assignments based on Plaintiff's mental health status. *Id. and Exh. B.* Plaintiff has produced no evidence that Defendants knowingly disregarded an obvious threat to his safety or acted or failed to act in a manner precisely to place Plaintiff in harm's way, or that they interfered with the treatment plans and housing assignments made by Plaintiff's mental health counselors. Because there is no evidence of any deliberate indifference or reckless disregard by Defendants regarding the safety of Plaintiff, the court concludes that Defendants' motion for summary judgment is due to be granted on this claim.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 27*) be GRANTED;

2. Judgment be ENTERED in favor of Defendants;

3. This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before February 18, 2016**, the parties may file any objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of February, 2016.

                                         /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE